SUMMARY ORDER

Xing Xiong Chen, a native and citizen of the People’s Republic of China, seeks review of a May 31, 2006 order of the BIA denying his motion to reopen his deportation proceedings. In re Xing Xiong Chen, No. A73 604 745 (B.I.A. May 31, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006) (per curiam).
We conclude that the BIA did not abuse its discretion in denying Chen’s motion to reopen. The Immigration and Nationality Act (“INA”) and its implementing regulations provide that an individual may file only one motion to reopen, and must do so within ninety days of the issuance of a final administrative order of removal. See 8 U.S.C. § 1229a(e)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). These limitations, however, do not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal based on changed circumstances arising in the individual’s country of nationality if he presents material evidence that was unavailable and undiscoverable at his previous hearing. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Chen’s motion to reopen was untimely, as it was filed with the BIA in February 2006, more than three years after the BIA’s final order affirming the IJ’s denial of relief in November 2002.
As the Government argues, the BIA properly denied Chen’s motion to reopen because he failed to demonstrate changed circumstances in China. With his motion to reopen, Chen submitted a new asylum application to the BIA and now argues that the grant of withholding of removal to his wife constituted a change in circumstances under 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § 208.4(a)(4)(i)(B). However, an individual “under a final removal order must file a successive asylum application in conjunction with a motion to reopen and in accordance with those procedural requirements.” See Yuen Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008). Thus, in order to submit a “successive asylum application,” Chen was required to comply with the rules for filing motions to reopen, and was subject to the ninety-day time limit prescribed in those rules. See 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii). However, he failed to demonstrate that “changed circumstances” had arisen in China where his motion to reopen was based solely on changed personal circumstances, i.e., his wife’s grant of withholding of removal. See Wei Guang Wang v. BIA, 437 F.3d 270, 274 (2d Cir.2006) (finding that *778 changed personal circumstances are insufficient to warrant the reopening of proceedings under 8 U.S.C. § 1229a(c)(7)(C)(ii)). Because Chen failed to submit any evidence that circumstances in China had changed since his hearing before the IJ, the BIA did not abuse its discretion in denying his motion to reopen.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).